# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1543V

|  |  |
|---|---|
| ELIZABETH JOHNSON,<br><br>      Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: August 17, 2023 |

*Kathleen Margaret Loucks*, Lommen Abdo Law Firm, Minneapolis, MN, for Petitioner.

*Parisa Tabassian*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

  On October 3, 2019, Elizabeth Johnson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration caused by an influenza vaccine administered on October 5, 2018. Petition, ECF No. 1. On April 19, 2023, I issued a decision awarding damages to Petitioner, following briefing by the parties. ECF No. 72.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $45,821.16 (representing $43,785.50 for fees and $2,035.66 for costs). Petitioner's Application for Attorneys' Fees and Costs ("Motion") filed June 6, 2023, ECF No. 76. In accordance with General Order No. 9, Petitioner represents that Petitioner incurred no out-of-pocket expenses. Attachment to Motion at 45.

Respondent reacted to the motion on June 6, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 77. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reason listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

2

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Petitioner requests compensation for her attorney Kathleen M. Loucks at the following rates: $360 per hour for time billed in 2019; $362 per hour for time billed in 2020; $365 per hour for time billed in 2021; $427 per hour for time billed in 2022; and $450 per hour for time billed in 2023. Attachment to Motion at 7.

The hourly rates requested for work performed through the end of 2021 are reasonable and consistent with prior determinations, and will therefore be adopted. But Ms. Loucks has previously been found eligible for the lesser rates of $370 per hour for her time billed in 2022, and $375 per hour for her time billed in 2023. *See L.D.* v. *Sec'y of Health & Hum. Servs.,* No. 22-0495V, 2023 WL 2776881 (Fed. Cl. Spec. Mstr. Apr. 4, 2023). I find no reason to deviate from such reasoned determinations, and it otherwise is not the practice of OSM to adjust prior rate determinations upward in later cases. See *Jefferson* v. *Sec'y of Health & Hum. Servs.*, No. 19-1882V, 2023 WL 387051 (Fed. Cl. Spec. Mstr. Jan. 9, 2023). This results in a reduction of attorney's fees to be awarded of **$2,439.60**.[3]

In terms of work performed on the matter, I note this case required additional briefing regarding the issue of entitlement damages. *See* Petitioner's Motion for Ruling on the Record; filed Feb. 14, 2022, ECF No. 61; and Petitioner's Reply; filed Feb. 25, 2022, ECF No. 65. Petitioner's counsel expended approximately 17.80 hours drafting the Motion for Ruling on the Record, and 9.70 hours drafting the reply. Attachment to Motion at 26-28. Although on the higher end of time expended preparing damages brief in a case involving a SIRVA injury,[4] I find this time to have been reasonably incurred.

---

[3] This amount consists of ($427 - $370 = $57 x 37.80 hours = $2,154.60) + ($450 - $375 = $75 x 3.80 hours = $285.00) = $2,439.60.

[4] The following fee decisions can be found on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc (last visited June 29, 2023): *Kestner v. Sec'y of Health & Hum. Servs.*, No. 20-0025V (June 22, 2023) (6.00 and 4.10 hours billed for drafting a damages brief and responsive damages brief, respectively); *Juno v. Sec'y of Health & Hum. Servs.*, No. 18-0643V (June 14, 2023) (5.8 hours billed for drafting a damages brief); *Deutsch v. Sec'y of Health & Hum. Servs.*, No. 18-0527V (June 12, 2023) (7.4 and 4.4 hours billed for drafting a damages brief and responsive damages brief, respectively); *Edminister v. Sec'y of Health & Hum. Servs.*, No. 19-0184V (May 30, 2023) (15.3 and 3.5 hours billed for drafting damages brief and responsive damages brief, respectively); *Aponte v. Sec'y of Health & Hum. Servs.*, No. 20-1031V (May 18, 2023) (6.9 hours billed for drafting a damages brief); *Gray v. Sec'y of Health & Hum. Servs.*, No. 20-1708V (May 18, 2023) (5 hours billed for drafting a damages brief); *Merson v. Sec'y of Health & Hum. Servs.*, No. 18-0589V (May 18, 2023) (9.8

Petitioner has provided supporting documentation for all claimed costs (attachment to motion at 33-44), and Respondent offered no specific objection to the rates or amounts sought. I have reviewed the requested costs and find them to be reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$43,381.56 (representing $41,345.90 for fees and $2,035.66 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Kathleen M. Loucks.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

hours billed for drafting a damages brief); *Thomson v. Sec'y of Health & Hum. Servs.*, No. 22-0234V (May 4, 2023) (9.5 and 2.5 hours billed for drafting damages brief and responsive damages brief, respectively).

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.